977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
William HUDSON, Chairman of the Michigan Parole Board,
Defendant-Appellee.
 No. 92-1257.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Michael Charles Ward, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed under to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ward is serving a life sentence following his state court conviction for delivery of more than 650 grams of cocaine. Seeking monetary, injunctive and declaratory relief, Ward sued William Hudson, the chairman of the Michigan Parole Board, in his individual capacity. Ward alleged that the defendant violated his due process and equal protection rights under the Constitution due to the Parole Board's policy which denies prisoners serving life sentences (lifers) the opportunity to be reclassified from Level II, a higher security classification, to a Level I custody status (a less restricted security classification with more opportunities for privileges). Specifically, Ward claimed that the defendant's policy: (1) denies him his substantive due process rights because it is an egregious abuse of authority, (2) denies him a liberty or property interest without due process of law, and (3) denies him equal protection under the law because the policy discriminates between lifers and nonlifers. In the margin next to the relief portion of his complaint, Ward wrote that he had been transferred "in retaliation."
 
 
 3
 A magistrate judge recommended granting summary judgment in favor of the defendant. After de novo review in light of Ward's objections, the district court adopted the magistrate judge's report and recommendation in all parts except the Eleventh Amendment immunity discussion (which it vacated in light of Hafer v. Melo, 112 S.Ct. 358 (1991)), and dismissed the case with prejudice.
 
 
 4
 Ward has filed a timely appeal. His pro se brief is construed as arguing those claims which he raised before the district court. Both parties have filed briefs.
 
 
 5
 Upon review, we affirm the district court's judgment because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Furthermore, the district court properly declined to construe Ward's handwritten note in the margin of the relief portion of his complaint as an additional cause of action as such claim would more properly be the subject of a separate lawsuit.
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.